**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**DONALD J. TRUMP**,<br><br>Defendant. | Criminal Action No. 23-257 (TSC) |

## OPINION AND ORDER

For the reasons set forth below and during the hearing in this case on October 16, 2023, the government's Motion to Ensure that Extrajudicial Statements Do Not Prejudice These Proceedings, ECF No. 57, is **GRANTED** in part and **DENIED** in part.

Under binding Supreme Court precedent, this court "must take such steps by rule and regulation that will protect [its] processes from prejudicial outside interferences." *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966). The First Amendment does not override that obligation. "Freedom of discussion should be given the widest range compatible with the essential requirement of the fair and orderly administration of justice. But it must not be allowed to divert the trial from the very purpose of a court system to adjudicate controversies, both criminal and civil, in the calmness and solemnity of the courtroom according to legal procedures." *Id.* at 350–51 (cleaned up); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 n.18 (1984) ("Although litigants do not surrender their First Amendment rights at the courthouse door, those rights may be subordinated to other interests that arise in this setting. For instance, on several occasions this Court has approved restriction on the communications of trial participants where necessary to ensure a fair trial for a criminal defendant.") (quotation omitted). Here, alternative measures

such as careful *voir dire*, jury sequestration, and cautionary jury instructions are sufficient to remedy only some of the potential prejudices that the government's motion seeks to address.

In order to safeguard the integrity of these proceedings, it is necessary to impose certain restrictions on public statements by interested parties. Undisputed testimony cited by the government demonstrates that when Defendant has publicly attacked individuals, including on matters related to this case, those individuals are consequently threatened and harassed. *See* ECF No. 57 at 3–5. Since his indictment, and even after the government filed the instant motion, Defendant has continued to make similar statements attacking individuals involved in the judicial process, including potential witnesses, prosecutors, and court staff. *See id.* at 6–12. Defendant has made those statements to national audiences using language communicating not merely that he believes the process to be illegitimate, but also that particular individuals involved in it are liars, or "thugs," or deserve death. *Id.*; ECF No. 64 at 9–10. The court finds that such statements pose a significant and immediate risk that (1) witnesses will be intimidated or otherwise unduly influenced by the prospect of being themselves targeted for harassment or threats; and (2) attorneys, public servants, and other court staff will themselves become targets for threats and harassment. And that risk is largely irreversible in the age of the Internet; once an individual is publicly targeted, even revoking the offending statement may not abate the subsequent threats, harassment, or other intimidating effects during the pretrial as well as trial stages of this case.

The defense's position that no limits may be placed on Defendant's speech because he is engaged in a political campaign is untenable, and the cases it cites do not so hold. The Circuit Courts in both *United States v. Brown* and *United States v. Ford* recognized that First Amendment rights must yield to the imperative of a fair trial. 218 F.3d 415, 424 (2000); 830 F.2d 596, 599 (1987). Unlike the district courts in those cases, however, this court has found that

even amidst his political campaign, Defendant's statements pose sufficiently grave threats to the integrity of these proceedings that cannot be addressed by alternative means, and it has tailored its order to meet the force of those threats. *Brown*, 218 F.3d at 428–30; *Ford*, 830 F.2d at 600. Thus, limited restrictions on extrajudicial statements are justified here. The bottom line is that equal justice under law requires the equal treatment of criminal defendants; Defendant's presidential candidacy cannot excuse statements that would otherwise intolerably jeopardize these proceedings.

Accordingly, and pursuant to Local Criminal Rule 57.7(c), it is hereby **ORDERED** that:

All interested parties in this matter, including the parties and their counsel, are prohibited from making any public statements, or directing others to make any public statements, that target (1) the Special Counsel prosecuting this case or his staff; (2) defense counsel or their staff; (3) any of this court's staff or other supporting personnel; or (4) any reasonably foreseeable witness or the substance of their testimony.

This Order shall not be construed to prohibit Defendant from making statements criticizing the government generally, including the current administration or the Department of Justice; statements asserting that Defendant is innocent of the charges against him, or that his prosecution is politically motivated; or statements criticizing the campaign platforms or policies of Defendant's current political rivals, such as former Vice President Pence.

In addition, the sealed version of the government's Motion to Ensure that Extrajudicial Statements Do Not Prejudice These Proceedings, ECF No. 56, is **DENIED** as moot.

Date: October 17, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge